

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SHANE CONNOR,

Plaintiff,

v.

BANK OF AMERICA, N.A. and DOES 1 through 10, inclusive,

Defendant.

Case No.: 22CV0295-GPC(MSB)

**ORDER DENYING PLAINTIFF'S MOTION TO LIFT STAY AS TO HIS INDIVIDUAL ACTION**

**[Dkt. No. 8.]**

Plaintiff Shane Connor ("Plaintiff") filed a motion to lift the stay as to his individual action. (Dkt. No. 8.) Defendant Bank of America, N.A. ("Defendant" or "BANA") filed a response and Plaintiff replied. (Dkt. Nos. 12, 13.)

**Background**

On March 4, 2022, the case was removed from state court. (Dkt. No. 1.) The complaint alleges Plaintiff was issued an account by BANA for the deposit of benefits from the California Employment Development Department ("EDD"). (Dkt. No. 1-3, Compl. ¶ 5) Because BANA failed to properly maintain Plaintiff's personal information regarding the account, unknown individuals accessed his account and personal information, and withdrew his funds. (*Id.* ¶¶ 7-10.) Even though Plaintiff disputed the unauthorized transactions, he claims that BANA did not conduct a reasonable

investigation and did not refund the funds taken from his account, and as a result, he was unable to afford items he needed to buy. (*Id.* ¶¶ 11-13.) Plaintiff brings causes of action for violations of the California Customer Records Act ("CRA") under Cal. Civil Code section 1798.80 *et seq.*, California Consumer Privacy Act ("CCPA") pursuant to Cal. Civil Code section 1798.100 *et seq.*, California Unfair Competition Law ("UCL") pursuant to Cal. Bus. & Prof. Code section 17200 *et seq.*, negligence and breach of fiduciary duty.

On the same day when the case was removed, BANA filed a notice of related case with a multidistrict litigation involving similar issues in *In re Bank of Amer. Cal. Unemployment Benefits Litig.*, 21-MD-2992-LAB-MSB ("MDL"). (Dkt. No. 3.) On March 10, 2022, the case was transferred pursuant to the Low Number Rule and it became a member case of the MDL. (Dkt. No. 4.) On March 11, 2022, the Court *sua sponte* stayed the case pending resolution of the related MDL case concluding, "[o]n a party's motion after the stay is lifted, the Court will consider applying its rulings in that multidistrict litigation to this action via nonmutual collateral estoppel or any other applicable theory." (Dkt. No. 5.) On April 8, 2024, the case was transferred to the undersigned judge. (Dkt. No. 6.) On January 22, 2025, Plaintiff filed a motion to lift stay which is fully briefed. (Dkt. Nos. 8, 12, 13.)

The MDL case arises from Class Action Plaintiffs and Individual Plaintiffs' claims against BANA for violations of the Electronic Funds Transfer Act and related causes of action during its administration of the electronic benefits payment system for California's EDD during the COVID-19 pandemic. (*See* Case No. 21-MD-2992, Dkt. No. 406, Third Amended Master Consolidated Complaint ("TAMCC").) Early on in the MDL proceedings, the Court held a case management conference on July 19, 2021 to address the organizational structure and administrative process of managing the MDL. (*Id.*, Dkt. Nos. 16, 48, 49, 55.) In the Court's order following the case management conference, the Court set dates for the Class Plaintiffs and Individual Plaintiffs in the

consolidated pleading to proceed and stayed any member cases[1] that were not included in the consolidated pleading. (*Id.*, Dkt. No. 48 at 2.) When new individual plaintiffs began filing complaints with similar causes of action arising from the same underlying factual allegations against BANA, the Court stayed them pending resolution of the MDL case. (*See id.*, Dkt. No. 85.) Further, on September 17, 2024, litigation of the Individual Plaintiffs in the master consolidated complaint was stayed until a ruling on the class certification motion. (Dkt. No. 338.)

Class Plaintiffs and BANA have been actively engaged in discovery since May 2023. Fact discovery has closed and the parties are currently engaged in expert discovery which is set to close on May 16, 2025. (*See* Dkt. No. 447.) On March 28, 2025, the Court granted BANA's motion to stay the case pending the Supreme Court review of *Lab'y Corp. of Am. Holdings v. Davis*, No. 24-0304, which will address issues affecting the class certification in this case. (Dkt. No. 448.) A ruling is expected at the end of June 2025. However, in that order, the Court denied the motion to stay as to the deadline to complete expert discovery and issues related to expert discovery. (*Id.*)

**Discussion**

**A. Motion to Lift Stay**

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "[T]he same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002); *Thomas v. Home Depot USA Inc.*, No. C06-02705 MJJ, 2007 WL 2140917, at *1 (N.D. Cal. Jul. 25, 2007) ("The power to grant a stay includes the inherent power and

[1] Member cases are those individual plaintiffs' complaints that were not included in the consolidated pleading filed on August 17, 2021. (Case No. 21-md-2992, Dkt. No. 48 at 2.) In other words, member cases are individual plaintiffs' cases filed after August 17, 2021.

discretion to lift that stay."). A court may lift the stay when "[p]etitioners no longer satisfy the standard for issuance of a stay." *Ala. Survival v. Surface Transp. Bd.*, 704 F.3d 615, 616 (9th Cir. 2012). In other words, "[w]hen circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay." *Canady*, 271 F. Supp. 2d at 74; *Ho Keung Tse v. Apple Inc.*, No. C 06–06573 SBA, 2010 WL 1838691, at *1 (N.D. Cal. 2010) (citing *Canady*, 271 F. Supp. 2d at 74) ("A court may lift the stay if the circumstances supporting the stay have changed such that the stay is no longer appropriate.")

When determining whether to stay an action, the court must weigh the following competing interests: (1) "the possible damage which may result from the granting of a stay;" (2) "the hardship or inequity which a party may suffer in being required to go forward;" and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). The Court considers whether any changed circumstances justify lifting the stay based on the *Landis* factors.

**1. Balance of Hardship Between the Parties**

The Court must balance the "possible damage [to Plaintiffs] which may result from the granting of a stay," with "the hardship or inequity which [Defendants] may suffer in being required to go forward." *CMAX*, 300 F.2d at 268.

Plaintiff argues he will be prejudiced and suffer undue hardship because the case has been delayed for almost three years so he has not been able to pursue his individual claims, has not had access to the funds wrongfully taken from his bank account, and the continued delay has created an undue hardship. (Dkt. No. 8 at 3-4[2]; Dkt. No. 13 at 2.) BANA responds that the stay will not result in undue hardship to Plaintiff because

---

[2] Page numbers are based on the CM/ECF pagination.

passage of time does not justify a change in the status quo. (Dkt. No. 12 at 7-8.) Instead, BANA contends that it would suffer undue hardship if a stay were lifted because it would be required to engage in unnecessary costs, time and effort in discovery and motion practice that will likely be duplicative and "legally barred" due to the matters currently being considered in the MDL. (*Id.* at 8-9.)

"Mere delay in receiving damages is an insufficient basis to deny a stay." *Ludlow v. Flowers Foods, Inc.*, Case No.: 18-CV-1190 JLS-JLB, 2020 WL 773253, at *2 (S.D. Cal. Feb. 18, 2020) (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)). In *Lockyer*, the Ninth Circuit recognized that monetary recovery cannot serve as a reason to deny a stay. *Lockyer*, 398 F.3d at 1110 (citing *CMAX, Inc*., 300 F.2d at 268-69) (CMAX did not make a strong showing it will suffer irreparable damage because it only sought money damages); *see also Nguyen v. Marketsource, Inc*., Case No.: 17-cv-02063-AJB-JLB, 2018 WL 2182633, at *6 (S.D. Cal. May 11, 2018) ("Plaintiff seeks monetary damages in the form of unpaid wages and reimbursements and will therefore not be unduly prejudiced or harmed by a delay in receiving monetary relief."). Further, district courts have found that engaging in unnecessary motion practice and unnecessarily planning and preparing for trial constitute hardship that supports a stay. *See In re Taco Bell Wage & Hour Actions*, No. 1:07–CV–01314–OWW–DLB, 2011 WL 38646727, at *4 (E.D. Cal. Aug. 30, 2011); *Ludlow*, 2020 WL 773253, at *3 (preparing for trial without a clear answer on legal issue would cause unnecessary work for the parties and the court amount to a hardship).

Plaintiff's stated reasons to lift the stay are not persuasive because delay in receiving damages does not support a stay. Moreover, even if delay in damages supported a stay, Plaintiff has not articulated facts to support his undue hardship by stating how much was taken from his account and what specific hardships he has endured due to the lack of these funds. Conversely, if the stay were lifted, BANA will be forced to engage in discovery and substantive briefing which may likely be duplicative and may

even be unnecessary if barred by "nonmutual collateral estoppel or any other applicable theory." Thus, the Court finds that the prejudice weighs in favor of BANA.

**2. Judicial Economy and the Orderly Course of Justice**

The Court considers "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Landis*, 299 U.S. at 255; *see CMAX*, 300 F.2d at 268. A stay or maintaining a stay promotes the orderly cause of justice where the underlying proceedings are likely to decide or contribute to the issues before the court. *See Evolutionary Intel., LLC v. Sprint Nextel Corp.*, Case Nos. C–13–04513, C–13–04201, C–13–04202, C–13–04203, C–13–04204, C–13–04205, C–13–04206, C–13–04207, C–13–03587, 2014 WL 4802426, *4 (N.D. Cal. Sept. 26, 2014 (simplification of the case favors maintaining the stay); *Fahmy v. Live Nation Ent.*, Inc., No. 2-15-CV-01158-CAS, 2015 WL 3617040, at *13 (C.D. Cal. June 8, 2015) ("Although the outcome of the [underlying case] will not necessarily be dispositive of this case, that outcome will certainly inform this case.").

While Judge Burns did not specify reasons why he stayed the individual member cases, it is apparent that he stayed them in order to promote judicial economy and the orderly course of justice. (*See* 21-md-2992, Dkt. Nos. 48, 55 (transcript of July 19, 2021 status conference) 85.) The purpose of the stay of the member cases was to allow the MDL Class Plaintiffs to move forward so that any rulings on the MDL case would apply to the individual member cases "via nonmutual collateral estoppel or any other applicable theory." (*See id.*, Dkt. No. 85.)

At this time, expert discovery is near completion. The motion for class certification has been fully briefed, oral arguments were held and a tentative order had been issued. Once the short stay pending the U.S. Supreme Court ruling in *Davis* is lifted, the Court will promptly issue its order on class certification. Thereafter, after class notice has been disseminated, dispositive motions will be filed. The ruling on summary judgment will simplify the issues in the case and once issued, the individual member case

plaintiffs may file motions to lift the stay. The Court recognizes the delay in this case and has indicated it seeks to move this case forward in a prompt and expeditious manner. (*Id.*, Dkt. No. 407 at 54 ("Well, given that this is a 2021 case, I'm eager to move this forward as quickly, as practical, as quickly as is prudent.").) Further, if the stay were lifted, it would open the door for all plaintiffs in member cases to file motions to lift the stay in their cases. This would undermine the judicial economy and orderly course of justice that was intended by the initial stay. Therefore, judicial economy and the orderly course of justice still supports a stay. Ultimately, Plaintiff has not articulated any change in circumstances to justify lifting the stay. After considering the competing interests, the Court DENIES Plaintiff's request to lift the stay.

**Conclusion**

Based on the reasoning above, the Court DENIES Plaintiff's motion to lift stay as to his individual action. The hearing set on April 25, 2025 shall be **vacated.**

IT IS SO ORDERED.

Dated: April 15, 2025

Hon. Gonzalo P. Curiel
United States District Judge